FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2009 AUG 31 PM 3: 56

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRENCE THOMAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-10727** |
| **BURL CAIN, WARDEN** | **SECTION "R"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DENIED WITHOUT PREJUDICE** due to petitioner's failure to exhaust his state court remedies.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

## I. PROCEDURAL HISTORY[1]

Petitioner, Terrance Thomas, is a prisoner presently incarcerated in the Louisiana State Penitentiary, located in Angola, Louisiana. On August 6, 1998, co-defendants, Terrance Thomas and Demetricy Moore, were indicted for second degree murder. Both defendants pled not guilty. On January 19, 2000, following a two-day jury trial, both defendants were found guilty as charged. On January 28, 2000, both defendants were sentenced to life imprisonment without benefit of parole. On May 29, 2002, the Louisiana Fourth Circuit Court of Appeal affirmed defendants' convictions and sentences. *State v. Thomas*, No. 2000-KA-1240 (La. App. 4 Cir. May 29, 2002) (unpublished opinion). On June 20, 2003, the Louisiana Supreme Court denied petitioner's writ application, thereby rendering his conviction and sentence final. *State v. Thomas*, 847 So.2d 1220 (La. 2003).

Following the completion of his direct appeal proceedings, petitioner sought post-conviction relief. Petitioner's efforts in this regard culminated on November 9, 2006, when the Louisiana Supreme Court denied his writ application. *State ex rel. Thomas v. State*, 941 So.2d 38 (La. 2006).

In the instant petition for federal habeas corpus relief, petitioner claims: 1) The indictment which formed the basis of his criminal conviction was returned by an

_____

[1]The procedural history was taken for the Louisiana Fourth Circuit Court of Appeal's decision, *State v. Thomas,* No. 2000-KA-1240 (La. App. 4 Cir. May 29, 2002) (unpublished opinion). A copy of the state appellate court's unpublished opinion is contained in the State rec., vol. 3 of 5.

unconstitutionally empaneled grand jury; 2) the evidence was insufficient to support his conviction; 3) the state district court erred in failing to grant his "motion for arrest in judgment"; 4) the state district court provided an erroneous jury instruction; and, 5) he was denied effective assistance of counsel at trial and on appeal. In its response (rec. doc. 10, pp. 4, 15-16), the State concedes that the instant action is timely, but contends that petitioner has failed to exhaust his state court remedies.

## II. ANALYSIS

It is well-established that a petitioner must exhaust his available state court remedies before proceeding to federal court for habeas relief. 28 U.S.C. § 2254 (b)(1)-(3); *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L.Ed.2d 379 (1982). As the Supreme Court explained in *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971) (citations and quotations omitted):

> The exhaustion-of-state remedies doctrine ... reflects a policy of federal-state comity, ... an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.... We have consistently adhered to this federal policy, for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.

The State contends that petitioner failed to exhaust his state court remedies by virtue of the fact that he raised claim 4), that the trial court provided an erroneous jury instruction, and claim 5), that he was denied effective assistance of counsel, in a supplemental brief filed with the Louisiana Supreme Court without first having raised these

issues before the state district court and the state appellate court. Petitioner, in his objections (rec. doc. 11, p. 4), concedes that he raised claims 4) and 5) in a supplemental memorandum to the Louisiana Supreme Court without having first raised said claims before the state district and appellate courts. Petitioner, however, contends that his action in this regard was sufficient for purposes of exhausting his state court remedies. Petitioner's contention in this regard is based upon a "Magistrate Judge's Report" issued in *Brown v Cain*, No. 98-161-B-M2 (M.D. La. April 30, 1998). In *Brown*, as in the instant case, a claim, that he did not receive a proper hearing in connection with his state post-conviction proceeding, raised in petitioner's federal habeas application was not presented "to either the trial court or the court of appeal." Brown did, however, "present it in a supplemental writ application to the Louisiana Supreme Court." *Brown*, No. 98-161-B-M2 at p. 8.[2] The Louisiana Supreme Court ultimately "denied Brown's petition without comment." However, because the state high court "did not send the matter back to the trial court because of his failure to raise the improper hearing claim before the trial court or the court of appeal", the magistrate judge found "that Brown [had] exhausted his state judicial remedies." *Id.* at p. 9.

Approximately one year after the magistrate judge issued her Report in *Brown*, *supra*, the United States Fifth Circuit Court of Appeal rendered an opinion in *Mercadel v. Cain*, 179 F.3d 271, 273 (5th Cir. 1999), a case wherein the *pro se* petitioner raised his post-

---

[2]A copy of the unpublished "Magistrate Judge's Report" in *Brown* is attached hereto.

conviction claim, that he received ineffective assistance of counsel, directly to the Louisiana Supreme Court, bypassing the state district and appellate courts. The Louisiana Supreme Court denied petitioner's claim without comment. The Fifth Circuit, however, did not conclude that petitioner had exhausted his state court remedies by virtue of the fact that the state high court did not remand the matter to the lower court due to petitioner's failure to raise the claim before the state district and appellate courts. Instead, the Fifth Circuit determined that because petitioner improperly filed his habeas claim with the Louisiana Supreme Court, bypassing the state district and appellate courts, "he failed to exhaust his state court remedies with respect to that claim." *Id.* at 275. *See also Baldwin v. Reese*, 541 U.S. 27, 31-32, 124 S.Ct. 1347, 1350-1351, 158 L.Ed.2d 64 (2004) (To exhaust one's state court remedies, a petitioner must properly present each of his federal habeas claims to each reviewing state court.)

Based upon the above, the court finds that petitioner, by virtue of his failure to raise claims 4) and 5) before the state district and appellate courts, has failed to exhaust his state court remedies with respect to these two claims. In a situation such as this, where a petitioner presents a "mixed" habeas corpus petition, i.e., one containing both exhausted and unexhausted claims, the requirement, under *Lundy*, *supra*, that all habeas claims be fully exhausted, coupled with the one-year statute of limitations imposed under Section 2244(d)(1) of the AEDPA, can cause prescription problems. Such a problem arose in *Rhines v. Weber*,

5

544 U.S. 269, 275, 125 S.Ct. 1528, 1533, 161 L.Ed.2d 440 (2005), wherein the Supreme

Court observed:

> As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review.

While an obvious remedy to the above-described problem is for a federal court to stay a

petitioner's habeas action until he exhausts his state court remedies, the Court warned against

the wholesale embrace of such an approach, noting that the dual purpose of the AEDPA,

enacted "against a backdrop of *Lundy's* total exhaustion requirement", is reducing the

potential for delay in finalizing state court judgments and encouraging litigants to bring all

their claims to state court before bringing them to federal court. *Rhines*, 544 U.S. at 276-77,

125 S.Ct. at 1534. The Court warned that staying federal habeas corpus petitions and holding

them in abeyance, "if employed too frequently, has the potential to undermine [the above-

described] twin purposes", explaining:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

*Rhines*, 544 U.S. at 277, 125 S.Ct. at 1534. With this in mind, the Court decreed:

[S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, **stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.** [Emphasis added.]

*Rhines*, 544 U.S. at 277, 125 S.Ct. at 1535.

Having reviewed the pertinent pleadings and state court record, the court finds no good cause excusing petitioner's failure to exhaust his state court remedies. Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the petition of Terrence Thomas for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** without prejudice for failure to exhaust state remedies.[3]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

---

[3]If petitioner decides to abandon his unexhausted claims, he should notify the court of his decision within ten days and the magistrate judge will consider the merits of petitioner's exhausted claims.

consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n,*

79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 31st day of August, 2009.

LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE