UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERRENCE THOMAS | CIVIL ACTION |
| VERSUS | NO: 06-10727 |
| BURL CAIN, WARDEN | SECTION: R(6) |

**ORDER**

Before the Court are Terrence Thomas's Petition for a Writ of Habeas Corpus[1] and his objection[2] to the Magistrate Judge's Report and Recommendation that the petition be denied with prejudice.[3] The Court, having reviewed *de novo* the petition, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and the petitioner's objection thereto, hereby approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion.

Furthermore, the Rules Governing Section 2254 Proceedings provide that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a). A court may only issue a certificate of appealability only if the

---

[1] R. Doc. 3.

[2] R. Doc. 22.

[3] R. Doc. 21.

petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard). In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further." 537 U.S. 322, 336 (2003) (internal quotation marks removed). With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Petitioner has not made the requisite showing to obtain a certificate of appealability as to Claims One and Three. Those claims assert that the grand jury was unconstitutionally impaneled under *State v. Dilosa*, 848 So.2d 546 (La. 2003). As the Report and Recommendation explains, *Dilosa* concerns state

2

constitutional rights and is not a basis for federal habeas relief.  In addition, the indictment was not so defective that the state trial court was deprived of jurisdiction.  Jurists of reason would not find controversy in these determinations.

As to Claim Two, the Report and Recommendation sets out the reasons why petitioner's sufficiency of the evidence argument fails.  On direct appeal, the state appellate court denied the claim but noted that "this is an extremely close case." *State of Louisiana v. Terrance Thomas and Demetricy Moore*, 825 So.2d 603 (La. 4 Cir. May 29, 2002) (unpublished; available in State Rec. Vol. 3).  The Court does not find that the state court's denial of the sufficiency of the evidence claim was objectively unreasonable such that habeas relief would be justified.  *See Johnson v. Cain*, 347 Fed.Appx. 89, 92-93 (5th Cir. 2009). Nonetheless, Claim Two meets the *Miller-El* standard for issuing a certificate of appealability.

Accordingly,

Terrence Thomas's petition for a writ of habeas corpus is DENIED WITH PREJUDICE.  The Court will not issue a certificate of appealability as to Claims One and Three, but it will issue a certificate of appealability as to Claim Two.

New Orleans, Louisiana, this  7th  day of September, 2010.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE